■ WHITMAN DELICATESSEN, INC., Petitioner, v STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review (1) a determination of the respondent, dated July 8, 1980, which, after a hearing, suspended petitioner's license to sell beer for off-premises consumption, for a

period of 10 days; (2) a determination of the respondent, dated August 1, 1980, which, upon petitioner's application, directed that a fine of $1,000 be paid in lieu of suspension; and (3) a determination of the respondent, dated September 3, 1980, which denied the petitioner's request for a reopening of the hearing. Petition granted to the extent that the determinations are annulled, on the law, without costs or disbursements, and the matter is remitted to the respondent for a new hearing. The petitioner, a corporation licensed to sell beer for off-premises consumption, was charged with having sold beer to a minor. At the hearing, the evidence presented against the petitioner consisted primarily of the testimony of the minor, Glenn Force, who stated that he had purchased a quart of beer from petitioner's store at 6:30 or 7:00 P.M. on the evening of November 16, 1979. According to petitioner's witnesses (the petitioner's principal and two employees), Force had not purchased beer at the petitioner's premises on the evening in question. The testimony indicated that Force had attempted to purchase beer at petitioner's premises on an earlier occasion, and an argument ensued after he had been refused. On July 8, 1980, following the hearing, respondent concluded that petitioner had violated section 65 of the Alcoholic Beverage Control Law and ordered the petitioner's license suspended for a period of 10 days. Upon petitioner's application, the penalty was modified to a $1,000 fine. Thereafter, the petitioner sought to reopen the hearing on the basis of newly discovered evidence. The evidence was set forth in the affidavits of two friends of Glenn Force, who averred (1) that Force had told them that he had purchased the beer at a location other than petitioner's premises, (2) that Force had been with one of them between 6:00 P.M. and 8:00 P.M. on the day in question, the time during which he had allegedly gone to petitioner's premises, and (3) that Force had, in fact, had an argument with petitioner's manager several weeks earlier. The respondent denied a reopening, and petitioner commenced the instant article 78 proceeding. In a memorandum decision, Special Term held that, as a matter of law, petitioner was not entitled to a reopening. Since the petition presented an issue of substantial evidence, however, the court ordered the case transferred to the Appellate Division pursuant to CPLR 7804 (subd [g]). In our opinion, a new hearing should be granted. The respondent's case rested almost entirely on the testimony of Glenn Force, which was severely impeached on cross-examination and was contradicted by the testimony of petitioner's witnesses. The newly discovered evidence would not be offered merely for impeachment. The evidenced if credited, would establish that Force had been in the company of one of his friends during the time he claimed to have purchased the beer, and had not been on petitioner's premises during that time. In addition, it would establish that Force had made a statement totally inconsistent with his hearing testimony. In that statement he admitted having purchased the beer elsewhere. Such a statement, while hearsay, would clearly be admissible at a State Liquor Authority hearing (9 NYCRR 54.4 [c] [1]). Indeed, there is authority for the proposition that a prior, inconsistent, statement of this nature would be admissible in a civil action as evidence-in-chief (see *Letendre v Hartford Acc. & Ind. Co.,* 21 NY2d 518; *Vincent v Thompson,* 50 AD2d 211; see, also, Proposed Code of Evidence, § 801, subd [d], par [1], and accompanying commentary). It must therefore be concluded that the new evidence, offered by witnesses with no apparent motive to fabricate, is material, noncumulative, and would probably change the result were a new hearing granted (see *People v Salemi,* 309 NY 208). Furthermore, the evidence may properly be considered as "newly discovered", since it was not until the time of the hearing that petitioner learned that Force had been with his friends on the evening in question, and petitioner's attorney investigated the matter promptly thereaf-

ter. In the circumstances, we conclude that a new hearing should be held. Hopkins, J. P., Titone, Rabin and Weinstein, JJ., concur.